IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 08-28564-JAD |
| HARRY MICHAEL ANTHONY, | |
| Debtor. | Chapter 7 |
| FOUR G'S, L.P., | Doc. No. _____ |
| Movant, | |
| v. | Related to Doc. No. 103 |
| HARRY MICHAEL ANTHONY, | |
| Respondent. | |

## FOUR G'S, L.P.'S COMBINED (A) MOTION TO STRIKE THE DEBTOR'S AMENDMENT TO SCHEDULE F DATED DECEMBER 13, 2010; AND (B) MOTION FOR RELIEF FROM STAY

FOUR G'S, L.P. ("Movant"), by and through its counsel, Eckert Seamans Cherin & Mellott, LLC, hereby files its Combined (A) Motion to Strike the Debtor's Amendment to Schedule F Dated December 13, 2010; and (B) Motion for Relief from Stay (the "Objection and Motion"), and respectfully responds as follows:

### INTRODUCTION

1. Movant brings this Objection and Motion as it appears that Harry Michael Anthony (the "Debtor") is attempting to obtain a discharge of post-petition obligations by amending his Schedule F to include such post-petition debt.

2. In addition to improperly attempting to amend his Schedule F to include post-petition debt, the Debtor's recent actions have caused Movant to become aware of information suggesting that the Debtor has failed to disclose pre-petition employment and/or an ownership

interest in a business to this Court, as the Debtor's bankruptcy Petition or related statements regarding income [Docket Nos. 1, 4, and 6] (collectively, the "Petition") are completely devoid of any reference to the Debtor's affiliation with a corporate entity, Puja Enterprises, LLC d/b/a Monroeville Beer 4 Less (hereinafter, "Beer 4 Less").

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. Movant is the owner of real property located at 4307 Northern Pike, Monroeville, PA 15146 (the "Leased Premises").

5. On or about June 11, 2007, Movant entered into a ten (10) year lease (the "Lease") of the Leased Premises whereby Movant leased the Leased Premises to Beer 4 Less.

6. For all times relevant, the Debtor was the sole guarantor of Beer 4 Less' obligations under the Lease. A true and correct copy of the Lease and Debtor's guaranty thereof is attached hereto as Exhibit "A".

7. Debtor's position as guarantor of Beer 4 Less' obligations under the Lease was consistent with Movant's understanding that the Debtor was a corporate officer of Beer 4 Less and had a monetary interest in Beer 4 Less.

8. The Lease was amended from time to time over the course of Beer 4 Less' three plus (3+) years of doing business from the Leased Premises.

9. When the Lease was amended, the Debtor signed the Lease amendment as guarantor.

10. The Debtor commenced the instant bankruptcy case on December 29, 2008 (the "Petition Date").

11. On or about September 30, 2009 (almost exactly 21 months after the Petition Date) the Debtor executed an amendment to the Lease (the "Amendment").

12. The Debtor was working with counsel when he executed the Amendment.

13. The Debtor executed the Amendment "***personally*** and as agent of Puja Enterprises, LLC d/b/a Monroeville Beer 4 less ***and as Guarantor***" (emphasis added). A true and correct copy of the Amendment is attached hereto as Exhibit B.

14. For all times relevant, both pre-petition and post-petition, Movant routinely observed the Debtor present at the Leased Premises, conducting himself as an officer or person in charge of Beer 4 Less.

15. At no time during Beer 4 Less' possession of the Leased Premises did the Debtor ever notify Movant that the Debtor had commenced a Chapter 7 bankruptcy case.

16. Thereafter, Beer 4 Less defaulted under the terms of the Amendment, and currently owes Movant at least $38,341.29 (the "Debt").

17. Beer 4 Less failed to pay the Debt and, recently, Movant sought payment of the Debt from the Debtor in his capacity as guarantor of the Debt. Specifically, Movant confessed judgment against Beer 4 Less and the Debtor at Case No. GD 10-21415 in the Court of Common Pleas of Allegheny County, Pennsylvania.

18. On or about December 13, 2010, and apparently in response to Movant's attempt to collect the Debt, the Debtor commenced his attempt to amend his Schedule F to include the Debt.

19. Movant does not believe that the Debtor's attempt to amend his Schedule F to include the Debt is proper, because:

    (a) The Debtor executed the post-petition Amendment to the Lease "personally and ... as Guarantor"; and

    (b) The Debt was incurred post-petition.

20. Moreover, the Debtor's Petition is silent with respect to the Debtor's affiliation with Beer 4 Less and the Debtor did not provide any notice to Movant of the Debtor's Chapter 7 bankruptcy case until December 20, 2010, nearly two full years after the Petition Date.

21. Movant finds it extremely curious that the Debtor made no mention of Beer 4 Less in his bankruptcy Schedules, especially since it appears to Movant that:

    (a) Debtor presented himself to Movant as a corporate officer of Beer 4 Less both pre-petition and post-petition;

    (b) Debtor executed contracts with Movant as the guarantor of Beer 4 Less both pre-petition and post-petition;

    (c) Debtor was consistently present at Beer 4 Less' place of business both pre-petition and post-petition;

    (d) Debtor appeared to be working at Beer 4 Less both pre-petition and post-petition; and

    (e) Debtor's pre-petition and post-petition actions clearly suggest that Debtor had a monetary interest in Beer 4 Less, either as an equity holder or employee, both pre-petition and post-petition.

22. It is difficult, in light of the Debtor's activities vis-à-vis Beer 4 Less, to believe that the Debtor did not possess a financial interest in Beer 4 Less and did not make any income from Beer 4 Less at the time the Debtor commenced his Chapter 7 bankruptcy case or thereafter.

23. To the contrary, it appears that the Debtor hid his bankruptcy from Movant, entered into a post-petition Amendment with Movant "personally and ... as guarantor", and then only disclosed the bankruptcy to Movant after Movant had relied upon the Amendment to its detriment.

## OBJECTION AND MOTION TO STRIKE

24. Movant hereby incorporates paragraphs 1 through 23, above, as if fully restated herein at length.

25. Movant believes, and therefore avers, that Debtor has improperly attempted to amend his Schedule F to include post-petition debt.

26. Specifically, the Debtor, "personally and ... as guarantor", executed an Amendment to the Lease post-petition.

27. The unpaid Debt was incurred under the post-petition Amendment.

28. The Debtor cannot seek a discharge under 11 U.S.C. § 727(b) for post-petition Debts and the Debtor's amended Schedule F should be stricken.

29. Alternatively, the Debtor reaffirmed his obligations under the Lease via the Amendment. Any attempt to seek a discharge of the Debt after such an affirmation by amending Schedule F should not be permitted, and the amended Schedule F should be stricken.

## MOTION FOR RELIEF FROM STAY

30. Movant hereby incorporates paragraphs 1 through 29, above, as if fully restated herein at length.

31. In light of the above, it appears that the Debt is post-petition in nature and not subject to the automatic stay of 11 U.S.C. § 362(a).

32. Alternatively, it appears that the Debtor was engaged in bad faith by intentionally hiding his involvement in Beer 4 Less from this Court, failing to provide any notice to Movant concerning Debtor's bankruptcy, entering into a post-petition Amendment "personally and ... as guarantor", upon which Movant relied to its detriment, and, only now, when Debtor is faced with owing the Debt, does Debtor find it advantageous to disclose his involvement with Beer 4 Less by disclosing his guaranty of the Lease to this Court.

33. In other words, the Debtor did not invoke the automatic stay when it would have been inconvenient to him with respect to Beer 4 Less' use of the Leased Premises, but waited to invoke the automatic stay until after he entered into the post-petition Amendment "personally and ... as guarantor", which enabled Beer 4 Less' continued use of the Leased Premises to Movant's detriment.

34. Clearly, the Debtor's actions evidence bad faith with respect to Debtor's dealings with Movant and Movant has suffered prejudice and monetary damages as a result.

35. Under 11 U.S.C. § 362(d)(1), "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause...".

36. "Cause" is not defined in the Bankruptcy Code. Instead, the determination of "cause" is made on a case-by-case basis and is left to the sound discretion of the Bankruptcy Court. See Baldino v. Wilson (In re: Wilson) 116 F.3d 87, 90 (3d Cir. 1997) (Court must determine "what constitutes cause based on the totality of the circumstances in each particular case").

37. Bad faith has been found as "cause" for relief from stay. See, e.g., In re Lippolis, 228 B.R. 106, 111-12 (Bankr. E.D.Pa. 1998) ("Filing a bankruptcy petition in 'bad faith' is sufficient cause for relief from the automatic stay pursuant to section 362(d)(1)").

38. To the extent that Movant's attempts to collect the Debt without notice of the Debtor's bankruptcy case were technical violations of the automatic stay, Bankruptcy courts may retroactively ratify violations of the automatic stay by annulling the stay. In re Myers, 491 F.3d 120, 127-28 (3d Cir. 2007); see also In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994).

39. In light of all the above, cause exists for relief from stay under 11 U.S.C. § 362(d)(1) due to the Debtor's bad faith demonstrated by Debtor's failure to notice Movant of the Debtor's bankruptcy until after entering into the post-petition Amendment and until it became more advantageous for the Debtor to disclose the bankruptcy than it was to continue to conceal the bankruptcy from Movant.

WHEREFORE, Movant, Four G's, L.P. respectfully requests that this Court enter the attached Order striking the December 13, 2010 Amended Schedule F filed by Debtor Harry Michael Anthony, granting relief from the automatic stay, and for other relief as the Court determines to be just.

Dated: January 14, 2011.                               Respectfully submitted,

/s/ Harry A. Readshaw
Dorothy A. Davis
Pa. I.D. No. 34958
Harry A. Readshaw
Pa. I.D. No. 204287
Eckert Seamans Cherin & Mellott, LLC
44th Floor, U.S. Steel Tower
600 Grant Street
Pittsburgh, Pennsylvania  15219
(412) 566-6000
(412) 566-6099 (facsimile)
*Attorneys for Movant*

# CERTIFICATE OF SERVICE

I, Harry A. Readshaw, hereby certify that I caused true and correct copies of the foregoing Combined (A) Motion to Strike the Debtor's Amendment to Schedule F Dated December 13, 2010; and (B) Motion for Relief from Stay upon the following persons by U.S. First Class Mail, postage prepaid, this 14th day of January, 2011.

        Scott B. Lang, Esquire
        619 Clairton Blvd.
        Pittsburgh, PA  15236
        Attorney for Debtor

        Robert H. Slone, Esquire
        223 South Maple Avenue
        Greensburg, PA  15601

        Office of the United States Trustee
        1001 Liberty Avenue, Suite 970
        Pittsburgh, PA  15222

                        /s/ Harry A. Readshaw
                        Harry A. Readshaw